■ In the Matter of the Estate of George Bowens, Jr., Deceased. Marian J. Bowens, as Administratrix, Appellant; Tyrone Dingle et al., Respondents. [692 NYS2d 22] —Order, Surrogate's Court, Bronx County (Lee Holzman, S.), entered

April 21, 1998, which denied the motion of the administratrix, Marian Bowens, for an order directing respondent Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) to pay to her death benefits of her deceased husband, George Bowens, and granted respondents' cross motion for summary judgment, to the extent of, *inter alia*, directing MABSTOA to pay one-seventh of the death benefit to the guardian of the minor child, Constance Bowens, and distributing the balance in six equal shares to the designated beneficiaries, less one-third of the net amount to be held in escrow by the parties' attorneys, pending an accounting to ascertain the elective share of the administratrix pursuant to EPTL 5-1.1, unanimously affirmed, without costs.

While the death benefit of which petitioner administratrix had been, prior to 1996, the beneficiary, was clearly a marital asset as to which the deceased had been enjoined by the April 16, 1993 pendente lite order of Supreme Court, Westchester County, from changing, the fact that the underlying matrimonial action was not, subsequent to the pendente lite order, pursued by either of the parties thereto, even though a trial conference was scheduled to be held two months from the order's issuance, leads us to conclude that three years hence, in 1996, when the decedent changed the beneficiaries of his death benefit, the matrimonial action had long since been abandoned and there was, therefore, no longer any equitable rationale to sustain the temporary injunction issued to preserve the status quo (*see, Walker Mem. Baptist Church v Saunders*, 285 NY 462, 474) during the pendency of that action. We find, then, that the pendente lite orders were no longer viable at the time the decedent designated beneficiaries other than the administratrix for his death benefit.

We note that the Surrogate did not make a determination as to what petitioner administratrix's elective share was, and, thus, the amount to be held in escrow should not be taken as any indication of how the elective share or the family exemption should be calculated (*see*, EPTL 5-1.1, 5-3.1 [a] [5]). Concur—Nardelli, J. P., Tom, Mazzarelli, Lerner and Buckley, JJ.